IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COLONY INSURANCE COMPANY, :
:
    Plaintiff, :
:
    v. : CIVIL ACTION NO.
: 1:05-CV-0707-JOF
THE COCA-COLA COMPANY, :
:
    Defendant. :

**OPINION AND ORDER**

This matter is before the court on Plaintiff's motion to quash subpoena [15-1]; Plaintiff's motion to quash subpoena [16-1]; Plaintiff's motion to quash subpoena [17-1]; Plaintiff's motion to quash subpoena [18-1]; Plaintiff's amended motion to quash subpoena [19-1]; Plaintiff's motion to compel [29-1]; and Plaintiff's motion to strike [40-1].

Plaintiff, Colony Insurance Company, filed suit against Defendant, The Coca-Cola Company, in a subrogation action to recover money paid by Colony to the Jade Palace III Chinese restaurant in Norcross, Georgia, after a fire destroyed the restaurant. Colony asserts claims of negligence, breach of warranty, and "bailment" against Coca-Cola, alleging that the fire was caused by an electrical failure in the power supply of a soda fountain owned by the Coca-Cola Company.

Colony filed several motions to quash subpoenas issued by Coca-Cola. Colony first asserts that the subpoenas were not issued properly because they were sent by certified mail and not served in person as required under Rule 45(b)(1). Colony also asserts that Rule 45 does not permit Coca-Cola to discover the information sought in the subpoenas. Colony avers that it employed (1) Cunningham Investigative Services, (2) George Yeremian, an electrical engineer employed by Engineering and Fire Investigations, and (3) Grady Amason, an independent adjuster employed by White, Hart & Associates, to investigate the origin and cause of the fire at the Jade Palace III restaurant. Thus, any work performed by these individuals and companies was in the course of an agency relationship and is protected as work product and/or attorney-client privilege pursuant to Rule 26(b)(3). As such, Colony argues that Coca-Cola should have to seek that information by propounding discovery requests on Colony and not by issuing subpoenas to the agents.

Coca-Cola has not responded to Colony's motions to quash, indicating there is no opposition. *See* Local Rule 7.1B. Further, the court agrees that under Rule 45, a subpoena must be personally served, and delivery via certified mail is not sufficient. For that reason alone, the court GRANTS Plaintiff's motions to quash subpoena [15-1, 16-1, 17-1 and 18-1]; and GRANTS Plaintiff's amended motion to quash subpoena [19-1].

Colony has also filed a motion to compel and a motion to strike certain of Coca-Cola's responses to discovery requests. The court believes that a hearing will aid it in ruling on these motions. Therefore, the parties are DIRECTED to appear in Chambers at 1921 U.S.

2

Courthouse on **Friday, January 20, 2006, at 10:30 a.m.**, for a hearing on Plaintiff's motion to compel [29-1] and Plaintiff's motion to strike [40-1].

**IT IS SO ORDERED** this 5th day of January 2006.

                                                                    s/ J. Owen Forrester
                                                           J. OWEN FORRESTER
                                    SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)